**Joshua H. FIELD, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 28A04–0511–CR–639.

Court of Appeals of Indiana.

March 21, 2006.

Transfer Denied May 8, 2006.

Lorraine L. Rodts, Special Assistant to the Public Defender, Bloomington, for Appellant.

Steve Carter, Attorney General of Indiana, Mara McCabe, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Joshua H. Field appeals from the sentence imposed by the trial court following his guilty plea to one count of Conspiracy to Commit Dealing in a Schedule II Controlled Substance,[1] a class B felony. In particular, Field argues that the trial court considered improper aggravating circumstances, erred in weighing the aggravating and mitigating factors, and imposed a sentence that is inappropriate in light of the nature of the offense and his character. Finding that the sentence imposed by the trial court was not inappropriate in light of the offense and Field's character, and finding no other error, we affirm the judgment of the trial court.

## *FACTS*

On October 31, 2001, Field delivered a tank of anhydrous ammonia to Brandon

---

1. Ind.Code § 35–48–4–2(a)(1).

Chesterfield, who was making methamphetamine in his trailer in rural Greene County. In exchange for the anhydrous ammonia, Field was to receive methamphetamine and cash. Field knew that Chesterfield made methamphetamine and that anhydrous ammonia was a key ingredient in the drug's production. On that same day, police raided Chesterfield's trailer and arrested Chesterfield, Field, and another person who was present at the time.

On November 1, 2001, the State charged Field with class B felony dealing in a schedule II controlled substance, class B felony conspiracy to commit dealing in a schedule II controlled substance, class D felony possession of chemical reagents or precursors with intent to manufacture, and class A misdemeanor resisting law enforcement. A habitual offender enhancement was later added to the charge, which the State subsequently dismissed when it became clear that Field was not eligible. Eventually, Field pleaded guilty to class B felony conspiracy to commit dealing in a schedule II controlled substance in exchange for the State's agreement to dismiss the remaining charges[2] and two pending unrelated cases against Field. The plea agreement left the sentence to the discretion of the trial court.

The trial court accepted Field's guilty plea and held a sentencing hearing on August 9, 2002. In its sentencing order, the trial court found the following aggravating circumstances: Field's criminal history; the fact that Field was on bond in another criminal case when arrested for the instant offense; the fact that Field is in need of long-term correctional or reha-

bilitative treatment that can best be provided by commitment to a penal facility; and the fact that Field "has not been a model prisoner ...." Appellant's App. p. 215. The court also found two mitigating circumstances: Field's remorse and guilty plea, and the fact that he has "admitted to a severe substance abuse history that has affected his well being." Id. The trial court found that the aggravators outweighed the mitigators, and imposed a sentence of sixteen years, which is four years less than the maximum sentence for a class B felony but enhances the presumptive sentence by six years.[3] Field now appeals.

### DISCUSSION AND DECISION

As we consider Field's argument that the trial court erred in its consideration and weighing of aggravating and mitigating circumstances, we observe that sentencing determinations are within the sound discretion of the trial court, and we will only reverse for an abuse of discretion. *Krumm v. State*, 793 N.E.2d 1170, 1186 (Ind.Ct.App.2003). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

In a sentencing statement, a trial court must identify all significant aggravating and mitigating factors, explain why such factors were found, and balance the factors in arriving at the sentence. *Bryant v. State*, 841 N.E.2d 1154, 1156 (Ind.2006). A trial court is not obligated to weigh a mitigating factor as heavily as the defendant requests. *Smallwood v. State*, 773 N.E.2d 259, 263 (Ind.2002). A

---

2. One of the two remaining charges in this case was no longer pending at the time of Field's guilty plea. Apparently, the State had sought to dismiss it prior to the time of Field's guilty plea, and the dismissal was merely made official in the plea agreement.

3. Ind.Code § 35–50–2–5. The General Assembly amended Indiana's sentencing statutes by P.L. 71–2005, sec. 7, with an emergency effective date of April 25, 2005, to alter "presumptive" sentences to "advisory" sentences.

single aggravating factor may support the imposition of both an enhanced and consecutive sentence. *Payton v. State*, 818 N.E.2d 493, 496 (Ind.Ct.App.2004), *trans. denied.*

The first aggravating factor found by the trial court was Field's criminal history, consisting of the following offenses: in 1994, Field was adjudicated a delinquent for theft and minor consumption of alcohol; in 1998, Field was convicted of class D felony theft and was found to have violated probation in that case later that same year; in 1999, Field was convicted of class C felony battery with a deadly weapon; also in 1999, Field was convicted of class C misdemeanor operating a vehicle with controlled substance in body; and in 2002, Field was convicted of class D felony possession of a controlled substance. Field does not contest that this is an appropriate aggravating factor, but he argues that the trial court weighed it too heavily.

■ We are mindful of our Supreme Court's recent opinion advising that merely because a defendant's criminal history alone may support an enhanced sentence does not mean that "sentencing judges or appellate judges can stop thinking about the appropriate weight to give a history of prior convictions." *Bryant*, 841 N.E.2d at 1156. The significance of a defendant's criminal history varies based on the gravity, nature, and number of prior offenses as they relate to the current offense. *Wooley v. State*, 716 N.E.2d 919, 929 n. 4 (Ind. 1999).

Here, at the time Field was convicted, he was twenty-three years old and had already accumulated two prior felony convictions, two prior misdemeanor convictions, and one juvenile adjudication. Moreover, one of Field's prior convictions—the most recent one—was for possession of a controlled substance; in that case, the substance was marijuana. Appellant's App. p. 203. Thus, Field's crimi-

nal history is recent, substantial, and at least partially related to the instant offense. Under these circumstances, we believe that the trial court properly gave substantial weight to this aggravating factor.

■ The second aggravating factor considered by the trial court was the fact that Field was on bond in the case involving possession of marijuana at the time he was arrested for the instant offense. This is a proper aggravating circumstance because the fact that a defendant was on bond in another matter when he committed the instant offense is not derivative of his criminal history, inasmuch as it neither springs from a prior conviction nor qualifies as a judicial statement. *Cf. Williams v. State*, 838 N.E.2d 1019, 1021 (Ind.2005) (holding that "likelihood to reoffend" and "need for rehabilitation" spring from a single source). A defendant's violation of the conditions of his bond does not spring from a prior conviction because it is a direct violation of a trial court's order. Accordingly, just as a probation violation is not derivative of criminal history, neither is conduct that violates the conditions of the bond. *See Ryle v. State*, 842 N.E.2d 320, 323 n. 5 (Ind.2005) (holding that probation is not derivative of criminal history, but rather "stands on its own as an aggravator").

■ The next aggravating factor considered by the trial court, namely, that Field is in need of long-term correctional or rehabilitative treatment that can best be provided by commitment to a penal facility, springs from his criminal history. *Williams*, 838 N.E.2d at 1021; *see also Morgan v. State*, 829 N.E.2d 12, 17 (Ind. 2005). As such, it lends weight to Field's criminal history but may not stand on its own as a separate aggravating factor.

The trial court found one final aggravating factor in its written sentencing order:

"The Defendant by his own admission has not been a model prisoner, but has been found in violation of jail rules on at least one occasion while awaiting trial that has resulted in segregation imposed as a penalty." Appellant's App. p. 215. At the sentencing hearing, however, the trial court commented as follows:

> Now I'm invited by the State to make a finding as an aggravating circumstance that there have been thirty-three disciplinary write ups [sic], and I think that the information that I have is not sufficient.... The information that I have allows me to conclude that there were disciplinary problems of some sort which resulted in disciplinary hearings, after which there were penalties imposed, most recently segregation. So I ... I note that there is behavior while incarcerated at the county jail that I think I need to consider, but I'm not giving it as great a weight as I'm being invited to give it simply because I can't determine from the information that I've got whether there were thirty-three different times or one or two times or what. So I note that there was some kind of disciplinary behavior. You've acknowledged that yourself in answers to questions put to you. But I don't have enough information to understand fully what may or may not have happened.

Tr. p. 119–20. It is apparent, therefore, that while the trial court ultimately decided to consider Field's behavior in jail as an aggravating factor, it gave it only minimal aggravating weight.

■ In addition to the aggravating factors, the trial court found two mitigating circumstances. First, it found Field's expression of remorse and guilty plea to be a mitigating circumstance. Field argues that the trial court should have given his guilty plea greater mitigating weight, but, as noted above, the trial court is not required to weigh a mitigating factor as heavily as the defendant requests. *Smallwood*, 773 N.E.2d at 263. Moreover, not every guilty plea is necessarily a significant mitigating circumstance. *Ruiz v. State*, 818 N.E.2d 927, 929 (Ind.2004). Here, Field reaped a substantial benefit by pleading guilty because the State dismissed at least one charge in this case and two pending charges in another unrelated case. Under these circumstances, the trial court properly considered Field's guilty plea to be a minimally mitigating factor.

The second mitigating factor considered by the trial court was Field's history of severe substance abuse that has affected his well-being. At the hearing, the trial court observed that it considered this to be a "substantial" mitigating circumstance. Tr. p. 121.

■ In sum, we have two substantial aggravating factors—Field's criminal history and the fact that he was on bond in another matter when he committed the instant offense—and one minimal aggravating factor—Field's behavior in jail. These must be weighed against one substantial mitigating circumstance—Field's history of substance abuse—and one minimal mitigating circumstance—Field's expression of remorse and guilty plea. After examining the three aggravators and the two mitigators, we can say with confidence that the sentence should be affirmed on appeal.

■ Next, we turn to Field's argument that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character. Ind. Appellate Rule 7(B). As to the nature of the offense, Field supplied Chesterfield with a crucial component in the manufacture of methamphetamine, in addition to buying some of the drug for his own use.

As to Field's character, as we observed above, he has a substantial criminal history, especially when his relatively young

age—twenty-three—is taken into account. Before committing the instant offense, Field had accumulated two felony convictions. Moreover, he was on bond for a prior offense when he committed this offense and has previously had both probation and parole revoked. He also admits to daily use of illegal drugs. Accordingly, prior attempts to rehabilitate Field and deter him from future unlawful conduct have failed. In light of Field's criminal history and disregard for the laws of this State, we conclude that the sentence imposed by the trial court was not inappropriate in light of the nature of the offense and his character.

The judgment of the trial court is affirmed.

NAJAM, J., and BAILEY, J., concur.

**J.S., Appellant–Respondent,**