**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**HOPE FEY**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Jun 18 2014, 9:36 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSHUA KETCHEM, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1308-PC-695 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48D01-0802-PC-44

**June 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Joshua Ketchem appeals the trial court's denial of his petition for post-conviction relief. He claims that he was denied the effective assistance of both trial and appellate counsel. Concluding that Ketchem received effective assistance, we affirm the denial of his petition for post-conviction relief.

**Facts and Procedural History**

The relevant facts as recited by the post-conviction court are as follows:

> On March 5, 2005, [Ketchem] and fellow inmate Gibson brutally beat and stabbed inmate Sidener in the recreational pad of the Pendleton Correctional Facility of the Indiana Department of Correction. As they brutally beat and stabbed Sidener (apparently in retaliation for Sidener snitching on Gibson's friends), Gibson told Sidener, "You're going to die …." Sidener sustained multiple stab wounds to the chest, right hand, and left leg. Several of the stab wounds in the victim's torso were near vital organs and could have been fatal.

Appellant's App. at 116.

The State charged Ketchem with class B felony attempted aggravated battery, class A felony attempted murder, and class B felony possessing material capable of causing bodily injury by inmate. The trial court granted the State's motion to consolidate this cause with cause No. 48D01-0503-FA-73 (*State v. Michael Gibson*), and a jury trial commenced on November 7, 2005. The jury found Ketchem and his co-defendant, Gibson, guilty as charged. During sentencing, the trial court merged Ketchem's convictions for attempted aggravated battery and attempted murder. The court sentenced Ketchem to consecutive sentences of forty-five years for attempted murder and twelve years for possessing a dangerous device or material, for an aggregate sentence of fifty-seven years.

2

We affirmed Ketchem's convictions and sentence on direct appeal. *See Ketchem v. State*, No. 48A05-0512-CR-743 (Ind. Ct. App. Dec. 5, 2006), *trans. denied* (2007).[1] Ketchem filed a pro se petition for post-conviction relief on February 25, 2008, and an amended petition on September 11, 2012. Following two evidentiary hearings, the post-conviction court issued its findings of fact and conclusions thereon denying the petition. This appeal ensued.

**Discussion and Decision**

**Standard of Review**

Recently, in *Wilkes v. State*, 984 N.E.2d 1236 (Ind. 2013), our supreme court reiterated our well-settled standard of review in post-conviction proceedings. The court stated,

> Post-conviction proceedings are civil proceedings in which the defendant must establish his claims by a preponderance of the evidence. Post-conviction proceedings do not offer a super appeal, rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the post-conviction rules. Those grounds are limited to issues that were not known at the time of the original trial or that were not available on direct appeal. Issues available but not raised on direct appeal are waived, while issues litigated adversely to the defendant are *res judicata*. Claims of ineffective assistance of counsel and juror misconduct may be proper grounds for post-conviction proceedings.
>
> Because the defendant is appealing from the denial of post-conviction relief, he is appealing from a negative judgment and bears the burden of proof. Thus, the defendant must establish that the evidence, as a whole, unmistakably and unerringly points to a conclusion contrary to the post-conviction court's decision. In other words, the defendant must convince this Court that there is *no* way within the law that the court below could have reached the decision it

---

[1] We also affirmed Gibson's convictions and sentence on direct appeal in *Gibson v. State*, No. 48A02-0601-CR-35 (Ind. Ct. App. Dec. 5, 2006), *trans. denied* (2007).

> did. We review the post-conviction court's factual findings for clear error, but do not defer to its conclusions of law.

*Id.* at 1240 (citations and quotation marks omitted). We will not reweigh the evidence or judge the credibility of witnesses and will consider only the probative evidence and reasonable inferences flowing therefrom that support the post-conviction court's decision. *Graham v. State*, 941 N.E.2d 1091, 1096 (Ind. Ct. App. 2011), *aff'd on reh'g*, 947 N.E.2d 962.

### Ineffective Assistance of Counsel

Ketchem argues that the post-conviction court clearly erred in finding that he was not denied the effective assistance of trial or appellate counsel. A post-conviction petitioner will prevail on a claim of ineffective assistance of counsel if the petitioner can demonstrate that counsel's performance fell below an objective standard of reasonableness and that such deficient performance prejudiced him. *Bethea v. State*, 983 N.E.2d 1134, 1138 (Ind. 2013). To demonstrate deficient performance, the petitioner must show "representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002)). To demonstrate prejudice, the petitioner must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 1139. There is a strong presumption that counsel rendered adequate service. *Id.*

4

## Section 1 – Trial Counsel

We must begin by acknowledging that the judge who presided over Ketchem's original trial is also the judge who presided over the post-conviction proceedings. We have stated that a post-conviction court's findings and judgment should be entitled to "greater than usual deference" when the post-conviction judge is the same judge who conducted the original trial, as such a jurist is uniquely situated and in an exceptional position to assess whether a defendant received effective assistance of trial counsel. *See McCullough v. State*, 973 N.E.2d 62, 75 (Ind. Ct. App. 2012), *trans. denied* (2013). Keeping this deference in mind, we now turn to Ketchem's various claims of ineffective assistance of trial counsel.

## Section 1.1 – Failure to Impeach

Ketchem first asserts that his trial counsel provided ineffective assistance in failing to properly cross-examine and impeach eyewitness Scott Simmons's credibility with specific evidence of Simmons's criminal convictions. During direct examination, Simmons stated that he was currently incarcerated at the Pendleton Correctional Facility and that he had been incarcerated there since January 2003. On cross-examination, trial counsel elicited an admission from Simmons that he had previously served prison time with the victim, Sidener, at another correctional facility around 1999. Trial counsel also elicited an admission from Simmons that he was requesting a sentence modification for his most recent conviction in exchange for his testimony against Ketchem and Gibson. Trial counsel did not ask Simmons specific questions about any of his criminal convictions, which included convictions for criminal confinement, burglary, and theft.

While trial counsel could not specifically recall his reasons for not impeaching Simmons with specific information regarding his criminal convictions, he opined that it may have been because Simmons's criminality, and how that reflected on his credibility, was obvious from the facts that had been developed regarding Simmons's current and prior incarceration. We observe that courts should not insist that attorneys "'confirm every aspect of the strategic basis for his or her actions.'" *Woodson v. State*, 961 N.E.2d 1035, 1041 (Ind. Ct. App. 2012) (quoting *Harrington v. Richter*, __U.S.__, 131 S. Ct. 770, 790 (2011)), *trans. denied*. Indeed, "[t]he method of impeaching a witness is a tactical decision and a matter of trial strategy that does not amount to ineffective assistance." *Id*. at 1042 (quoting *Kubsch v. State*, 934 N.E.2d 1138, 1151 (Ind. 2010)). We agree with the post-conviction court that, under the circumstances presented here, it would have been reasonable for trial counsel to conclude that exploring the specifics of Simmons's convictions was unnecessary and that Simmons's credibility was sufficiently challenged during cross-examination with references to his multiple incarcerations as well as his request for beneficial treatment by the State in exchange for testimony. The post-conviction court's conclusion that trial counsel's cross-examination of Simmons was adequate and constituted effective representation is not clearly erroneous.

We further agree with the post-conviction court that, even assuming trial counsel's cross-examination of Simmons was deficient, Ketchem has failed to establish prejudice. At trial, Sidener testified that Ketchem and Gibson brutally beat and stabbed him in retaliation for snitching on one of Gibson's friends. Simmons's eyewitness testimony was merely

6

cumulative of Sidener's direct account of the attack. Thus, Ketchem has not demonstrated a reasonable probability that the result of the proceeding would have been different had trial counsel further impeached Simmons with specific questions regarding his convictions.

**Section 1.2 – Failure to Object**

**Section 1.2.1 – Evidence and Closing Argument**

Ketchem next claims his trial counsel was ineffective because: (1) counsel did not object to Simmons's testimony and leading questions by the prosecutor that Simmons requested a transfer from his present penal facility because he was fearful for his life due to his willingness to testify at trial; (2) counsel did not object to the admission of a letter written by Simmons in which Simmons stated that he believed his life was in danger and that he would only testify if he knew it was safe; and (3) counsel did not object to the prosecutor's summation during closing argument regarding the content of Simmons's letter. Ketchem asserts that counsel should have objected because Simmons's testimony, his statements in the letter, and the prosecutor's summation of the evidence during closing argument, suggested that "Ketchem, or others acting with his knowledge or authorization, had threatened Simmons not to testify at this trial." Appellant's Br. at 18.

To demonstrate ineffective assistance of counsel for failure to object, a defendant must prove that an objection would have been sustained if made and that he was prejudiced by counsel's failure to make an objection. *Wrinkles v. State*, 749 N.E.2d 1179, 1192 (Ind. 2001), *cert. denied* (2002). Ketchem claims that objections to what he characterizes as "threat evidence" would have been sustained because the State failed to first lay an

7

evidentiary foundation showing that Ketchem actually threatened Simmons. Appellant's Br. at 18. However, contrary to Ketchem's characterization of the evidence, a review of the record does not reveal that either Simmons or the prosecutor insinuated that Ketchem specifically threatened Simmons. Instead, Simmons's testimony, the letter, and the prosecutor's summation of that letter, merely relayed a fair characterization of the circumstances presented. That is, Simmons witnessed Gibson and Ketchem beat and repeatedly stab Sidener and, because he was willing to testify against them, he believed he would be viewed as a snitch and that his life was in danger. Therefore, as explained more fully below, Ketchem cannot demonstrate that proper objections to the aforementioned evidence would have been sustained if made or that he suffered prejudice as a result of counsel's failure to object.

First, regarding Simmons's testimony and leading questions by the prosecutor, the record reveals that co-defendant Gibson's trial counsel did object to the admission of any references by Simmons to prison gang activity or alleged threats by the Aryan Brotherhood. During a sidebar, the parties agreed that the prosecutor could ask Simmons some leading questions in order to steer Simmons's testimony away from improper or prejudicial statements. Our review of the record reveals that this trial strategy was effective in avoiding any prejudicial references to such threat evidence and, we agree with the post-conviction court that Ketchem has not rebutted the strong presumption that this trial strategy was reasonable.

Regarding Simmons's letter, we note that the letter, as redacted, contained no reference to any threats made against Simmons, and therefore Ketchem cannot demonstrate that an objection to the letter would have been sustained. Moreover, the record reveals that the trial court admonished the jury that Simmons's statements in the letter were not admissible as substantive evidence. Where a trial court adequately admonishes the jury, such admonishment is presumed to cure any error that occurred. *Johnson v. State*, 901 N.E.2d 1168, 1173 (Ind. Ct. App. 2009). We fail to see how counsel's decision to not object to the letter could have prejudiced Ketchem in light of the proper admonishment.

As for the prosecutor's summation of Simmons's letter during closing argument, the summation in no way insinuated that Ketchem had directly or indirectly threatened Simmons. Instead, the prosecutor merely reiterated Simmons's statements that because he had witnessed a prison stabbing and was willing to testify against the perpetrators, he believed he was in danger. This was a fair characterization of the evidence. *See Wrinkles*, 749 N.E.2d at 1197 (finding no error where prosecutor's comments were fair characterization of evidence presented). Again, Ketchem has failed to show that an objection would have been sustained or that his counsel performed deficiently in this regard.

**Section 1.2.2 – Jury Instruction**

Ketchem also claims his trial counsel provided ineffective assistance in failing to object to Part I and Part III of the self-defense instruction given to the jury. Part I of the self-defense instruction provides in relevant part:

> A person is justified in using reasonable force against another person to protect himself or a third person from what he reasonably believes to be the imminent

use of unlawful force. However, a person is justified in using deadly force only if he reasonably believes that the force is necessary to prevent serious bodily injury to himself or a third person, or the commission of a forcible felony.

....

A person is not justified in using force if:

1.  He is committing or escaping from the commission of a crime.

2.  He provokes unlawful action by another person with intent to cause bodily injury to the other person; or

3.  He has entered into combat with another person or is the initial aggressor, unless he withdraws from the encounter and communicates to the other person his intent to do so, and the other person nevertheless continues or threatens to continue unlawful action.

The State has the burden of disproving this defense beyond a reasonable doubt.

Appellant's PC App. at 91.

Part III of the instruction reads:

The Indiana Statute on self-defense provides that "a person is not justified in using force if: he is committing … a crime."

In some instances, a contemporaneous crime may not automatically negate a claim of self-defense.

Stated differently, "because a defendant is committing a crime at the time he is allegedly defending himself is not sufficient, standing alone, to deprive the defendant of the defense of self-defense. Rather, there must be an immediate causal connection between the crime and the confrontation … the evidence must show that but for the defendant committing the crime, the confrontation resulting in (injury) to the victim would not have occurred."

*Id*. at 93.

We initially note that Part I of the challenged instruction is a pattern jury instruction that essentially mirrors the self-defense statute in effect at the time of Ketchem's trial. *See*

10

Ind. Code § 35-41-3-2. Part III of the instruction is an accurate recitation of our case law requiring an immediate causal connection between the crime and the confrontation in order to preclude a finding of self-defense. *See Mayes v. State*, 744 N.E.2d 390, 394 (Ind. 2001). Ketchem concedes that he and Gibson indeed asserted self-defense at trial and that the challenged instructions are correct statements of the law. However, Ketchem complains that counsel should have objected to all references to the "committing a crime" preclusion to a claim of self-defense. The State argued at trial that co-defendant Gibson was committing the crime of class A misdemeanor trafficking with an inmate (selling tobacco) just prior to the attack on Sidener. Ketchem complains that the State presented insufficient evidence that Gibson was actually committing that crime, and thus any reference to the "committing a crime" preclusion was inapplicable under the evidence presented. Therefore, he argues, trial counsel was ineffective in failing to object or seek redaction of those references.

If a claim of ineffective assistance can be disposed of by analyzing the prejudice prong alone, we will do so. *Benefield v. State*, 945 N.E.2d 791, 797 (Ind. Ct. App. 2011). Because our confidence in the outcome of Ketchem's trial is unwavering, we will dispose of his current claim accordingly. We observe that the jury heard evidence that Ketchem concealed a double-edged homemade knife in his pants and brought it to the prison recreation area. The evidence indicated that Ketchem was the initial aggressor and that he approached Sidener, kicked him in the eye, and began stabbing him repeatedly. Accordingly, there was ample evidence before the jury to reject Ketchem's claim of self-defense notwithstanding the committing a crime language contained in the challenged jury instruction. *See Mayes*, 744

11

N.E.2d at 395 n.2 (evidence that defendant fired multiple shots at victim was sufficient for jury to reject self-defense claim regardless of contemporaneous crime language contained in jury instruction). Thus, instructional error, if any did occur, would have been harmless and we remain unconvinced that Ketchem suffered any prejudice from his counsel's failure to object to the challenged instruction.[2]

## Section 1.3 – Cumulative Impact

Ketchem maintains that the cumulative impact of his trial counsel's alleged errors rendered the representation ineffective and caused him prejudice. Because we find that each individual claim does not rise to the level of ineffective assistance, we likewise conclude that cumulatively they do not rise to such level. *See Kubsch*, 934 N.E.2d at 1154.

## Section 2 – Appellate Counsel

We next address Ketchem's claim that the post-conviction court clearly erred when it determined that he was not denied the effective assistance of appellate counsel. The standard for gauging appellate counsel's performance is the same as that for trial counsel. *Ward v. State*, 969 N.E.2d 46, 75 (Ind. 2012). "Ineffective assistance of appellate counsel claims fall into three basic categories: (1) denial of access to appeal; (2) waiver of issues; and (3) failure to present issues well." *Reed v. State*, 856 N.E.2d 1189, 1195 (Ind. 2006). Judicial scrutiny is highly deferential regarding a claim that counsel was ineffective in failing to raise an issue on appeal thus resulting in waiver for collateral review, and the defendant must overcome the

---

[2] We also note that the alleged contemporaneous crime, trafficking with an inmate, was clearly unrelated and had no causal connection to Gibson's and Ketchem's confrontation with Sidener. As determined by the post-conviction court, Part III of the self-defense instruction actually benefitted Ketchem by directing the jury that, absent that causal connection, self-defense was still a viable defense.

12

strongest presumption of adequate assistance. *Id*. We rarely find ineffective assistance in cases where a defendant asserts that appellate counsel failed to raise an issue on direct appeal. *Id*. at 1196. "One reason for this is that the decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel." *Id*.

As noted by the post-conviction court, Ketchem's appellate counsel filed a four issue, twenty-seven page brief on Ketchem's behalf. Still, Ketchem asserts that appellate counsel was ineffective in declining to raise two additional sentencing arguments. Specifically, Ketchem argues that appellate counsel should have argued that the trial court abused its discretion during sentencing and that counsel should have challenged his sentence pursuant to Indiana Appellate Rule 7(B), which authorizes us to "revise a sentence authorized by statute, if after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ketchem has failed to overcome the presumption of adequate assistance on either ground.

### Section 2.1 – Failure to Challenge Aggravator

Ketchem claims that appellate counsel should have argued that the trial court abused its discretion in improperly relying on the fact that he committed his crimes while incarcerated to support both enhanced and consecutive sentences because the fact of his

incarceration was an element of one of his offenses.[3]  However, it is clear from the record that the trial court cited two considered aggravators, Ketchem's incarceration and his criminal history.  It is well settled that a single aggravating factor may support the imposition of both an enhanced and consecutive sentence.  *Field v. State*, 843 N.E.2d 1008, 1010-11 (Ind. Ct. App. 2006).  Ketchem gives us no pause to question appellate counsel's important strategic decision to not raise this issue as, even had appellate counsel presented it on appeal, it would not have succeeded.  Ketchem has not shown that he is entitled to post-conviction relief on this basis.

### Section 2.2 – Failure to Raise 7(B)

Ketchem maintains that appellate counsel should have also lodged an Appellate Rule 7(B) challenge to the appropriateness of his fifty-seven-year sentence. During post-conviction proceedings, appellate counsel testified that due to the nature of the crimes and Ketchem's character as reflected in his criminal history, counsel believed that this Court was unlikely to revise Ketchem's sentence.  PC Tr. at 25.  Our review of the relevant facts leads us to the conclusion that appellate counsel's decision was both reasonable and correct in that regard.  Ketchem's aggregate sentence was well below the maximum sentence available for his crimes.  Due to the violent nature of Ketchem's crimes, coupled with his criminal history including juvenile adjudications for battery and auto theft and adult felony convictions for

---

[3] Although Ketchem argues that his appellate counsel should have raised additional sentencing claims, he did not advance those claims in his amended petition for post-conviction relief.  Issues not raised in the petition for post-conviction relief may not be raised for the first time on post-conviction appeal.  Ind. Post-Conviction Rule 1(8); *Allen v. State*, 749 N.E.2d 1158, 1171 (Ind. 2001).  Consequently, we need not address those additional claims.

conspiracy to commit battery and battery by means of a deadly weapon, we would not have been persuaded that sentence revision was warranted. Ketchem has failed to demonstrate that his appellate counsel was ineffective.

## Conclusion

Based on the foregoing, we conclude that the post-conviction court did not err when it concluded that Ketchem was not denied the effective assistance of trial or appellate counsel. Ketchem has failed to show that the evidence, as a whole, unmistakably and unerringly points to a conclusion contrary to the post-conviction court's decision. The trial court's denial of Ketchem's amended petition for post-conviction relief is affirmed.

Affirmed.

BAKER, J., and BARNES, J., concur.