## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 29 2018, 11:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Emilee L. Stotts
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael J. Huffman,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 29, 2018<br><br>Court of Appeals Case No.<br>35A04-1709-CR-2042<br><br>Appeal from the Huntington Superior Court.<br>The Honorable Jennifer E. Newton, Judge.<br>Trial Court Cause No.<br>35D01-1610-F4-214 |

**Shepard, Senior Judge**

[1] Michael J. Huffman appeals the sentence he received for two convictions of dealing in a narcotic drug, one as a Level 4 felony and the other as a Level 5 felony, as well as an habitual offender sentencing enhancement. We affirm.

[2]     In October 2016, the State filed the dealing charges and habitual offender enhancement against Huffman for acts he committed in November 2015. It alleged Huffman sold heroin to a confidential informant two days in a row. Huffman later moved to plead guilty, as charged. The court accepted his plea, held a sentencing hearing, and imposed an aggregate sentence of twenty-eight years. This appeal followed.

[3]     Huffman argues his sentence is inappropriate and asks the Court to reduce it. He does not state a preferred sentence. Article VII, section 6 of the Indiana Constitution authorizes the Court to revise sentences. This authority is implemented through Indiana Appellate Rule 7(B), which provides we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[4]     As we conduct our review, we consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Walters v. State*, 68 N.E.3d 1097 (Ind. Ct. App. 2017), *trans. denied*. The principal role of such review is to attempt to leaven the outliers. *Curry v. State*, 90 N.E.3d 677 (Ind. Ct. App. 2017), *trans. denied*. The appellant must demonstrate that the sentence is inappropriate. *Id.* (quotation omitted).

[5]     At the time Huffman committed the offenses, the advisory sentence for a Level 4 felony was six years, with a maximum of twelve years and a minimum of two years. Ind. Code § 35-50-2-5.5 (2014). The advisory sentence for a Level 5

felony was three years, with a maximum of six and a minimum of one. Ind. Code § 35-50-2-6 (2014). An habitual offender who was convicted of a Level 4 felony could receive an additional fixed term between six and twenty years. Ind. Code § 35-50-2-8 (2015).

[6] The court sentenced Huffman to ten years for the Level 4 felony and six years for the Level 5 felony, to be served concurrently. The court further applied the habitual offender enhancement to the Level 4 felony and imposed an additional eighteen years, for a total sentence of twenty-eight years.

[7] Based on the limited record before us, the nature of the offenses is unremarkable. The character of the offender is a different matter. Huffman was thirty-nine years old at sentencing and has an extensive criminal record. The habitual offender enhancement is based on prior felony convictions for dealing in cocaine (Class B felony) and marijuana (Class C felony). In addition, Huffman has felony convictions for burglary and theft, and misdemeanor convictions for resisting law enforcement, residential entry, and battery (two counts). He has had probation revoked in the past, and he was on work release when he committed the current crimes. Clearly, prior convictions have not caused Huffman to change his behavior. Because of his consistent law breaking, the longest period he has held a job is eight months.

[8] Huffman argues that he stopped using controlled substances after he committed these offenses and had been sober for months prior to charges being filed. Even if true, his brief period of sobriety does not necessarily outweigh his extensive

criminal history. Huffman further claims he committed the current offenses because he is a drug addict and was making money to pay for his own drugs. As the trial court pointed out, many drug users never deal in drugs, which is a different and more severe harm to the community.

[9] Huffman cites to two cases in support of his request for sentence reduction, but they are distinguishable. In *Norris v. State*, 27 N.E.3d 333 (Ind. Ct. App. 2015), a panel of this Court reduced a sentence for dealing in controlled substances, noting Norris' criminal history consisted mostly of misdemeanor possession offenses. In *Schaaf v. State*, 54 N.E.3d 1041 (Ind. Ct. App. 2016), this Court reduced a sentence for two counts of dealing, determining Schaaf was not directly involved in one transaction and was not the primary target of the police investigation for the second. In this case, Huffman's criminal record is more severe than Norris' record, and there do not appear to be any mitigating factual circumstances relating to the drug deals, unlike in Schaaf's case. Huffman has failed to demonstrate that his sentence is inappropriate. *See Field v. State*, 843 N.E.2d 1008 (Ind. Ct. App. 2006) (sentence for dealing in controlled substance not inappropriate; defendant had lengthy criminal history and was on bond when he committed the offense), *trans. denied*.

[10] For the reasons stated above, we affirm the judgment of the trial court.

[11] Affirmed.

May, J., and Altice, J., concur.