## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 31 2018, 11:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Thoma
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James R. Martz, Sr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 31, 2018

Court of Appeals Case No.
02A03-1712-CR-2979

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D04-1705-F6-559

**Pyle, Judge.**

# Statement of the Case

James R. Martz, Sr., ("Martz") appeals the sentence imposed after he pled guilty to Level 6 felony possession of cocaine.[1]  He specifically argues that the trial court abused its discretion in sentencing him and that his sentence is inappropriate in light of the nature of this offense and his character.  Because we conclude that the trial court did not abuse its discretion in sentencing Martz and that Martz's sentence is not inappropriate in light of the nature of the offense and Martz's character, we affirm Martz's sentence.

We affirm.

# Issues

1.    Whether the trial court abused its discretion in sentencing Martz.

2.    Whether Martz's sentence is inappropriate.

# Facts

When Martz was stopped for speeding in May 2017, he admitted that he was driving with a suspended license.  A search of Martz's car revealed 97.2 grams of synthetic marijuana, a digital scale with plant residue, a cup with plant

---

[1] IND. CODE 35-48-4-6.  Martz also pled guilty to: (1) Class A misdemeanor possession of a synthetic drug; (2) Class A misdemeanor operating a motor vehicle with a suspended license; and (3) Class B misdemeanor possession of marijuana.  However, he specifically states in his brief that this appeal concerns only his sentence for possession of cocaine.  (Martz's Br. 11).

residue, a box of clear plastic bags, rolling papers, and a red gummy edible substance that tested positive for marijuana. Martz also had .2 grams of cocaine in his wallet.

[4] In June 2017, Martz pled guilty to Level 6 felony possession of cocaine and three misdemeanor offenses. The trial court took Martz's plea under advisement pending his completion of the Drug Court Diversion Program. After Martz tested positive for synthetic drugs in August and October 2017, he was removed from the Drug Court program.

[5] In November 2017, the trial court entered judgment of conviction on the four counts to which Martz had pled guilty and held a sentencing hearing. At the conclusion of the hearing, the trial court summarized the evidence and addressed Martz as follows:

> [You have] a criminal record with failed efforts at rehabilitation covering a period of time from 2002 to 2017. You've got nine misdemeanor convictions, two prior felony convictions. You've been given the benefit of short jail sentences, longer jail sentences, Brown and Associates, the Bowen Center, Park Center, unsupervised probation, home detention, probation, the Department of Correction, and then Drug Court. You've been unsatisfactorily discharged every time you've been on home detention, four times I show that you were unsatisfactorily discharged. You've had suspended sentences revoked seven times. You've had suspended sentences modified twice. Your probation's been revoked twice and your home detention placement was revoked once.

(Tr. 8-9).

The trial court then found that Martz's criminal history and his fifteen-year history of failed efforts at rehabilitation were aggravating factors and that his guilty plea and remorse were mitigating factors. The trial court sentenced Martz to two years for the Level 6 felony, and Martz now appeals this sentence.

# Decision

## 1. Abuse of Discretion

Martz first argues that the trial court abused its discretion in sentencing him. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* at 491. A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91.

Here, Martz argues that the trial court abused its discretion in failing to consider two mitigating factors. A finding of a mitigating factor is not mandatory but is within the discretion of the trial court. *Page v. State*, 878

N.E.2d 404, 408 (Ind. Ct. App. 2007), *trans. denied*. In order to show that the trial court abused its discretion in failing to find a mitigating factor, the defendant must establish that the mitigating evidence is both significant and clearly supported by the record. *Rogers v. State*, 958 N.E.2d 4, 9 (Ind. Ct. App. 2011).

[9] Martz first contends that the trial court abused its discretion in failing to find his history of substance abuse to be a mitigating factor. Although we have recognized that a history of substance abuse may be a mitigating factor, *Field v. State*, 843 N.E.2d 1008, 1012 (Ind. Ct. App. 2006), *trans. denied*, we have also held that where a defendant is aware that he has a substance abuse problem but has not taken appropriate steps to treat it, the trial court does not abuse its discretion by rejecting substance abuse as a mitigating factor. *Bryant v. State*, 802 N.E.2d 486, 501 (Ind. Ct. App. 2004), *trans. denied*. Here, Martz has an extensive criminal history related to his drug use. He has known for some time that he has a substance abuse problem, and for fifteen years, his many attempts at rehabilitation have proven to be unsuccessful. Under these circumstances, the trial court did not abuse its discretion in failing to find Martz's history of substance abuse to be a mitigating factor.

[10] Martz further contends that the trial court abused its discretion when it failed to "mention that [] Martz had family support. Specifically, [] Martz explained that he had a brother who had successfully completed the Drug Court Program." (Martz's Br. 16). Martz has waived appellate review of this issue because his brief three-sentence argument is supported neither by citation to

authority nor cogent argument. *See Smith v. State*, 822 N.E.2d 193, 202-03 (Ind. Ct. App. 2005) ("Generally, a party waives any issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record."), *trans. denied*. Waiver notwithstanding, we agree with the State that the trial court was not required to find that "hypothetical family support that Martz might receive in the future" was a mitigating circumstance. (State's Br. 11). We further agree that there "is no evidence in the record that Martz's brother had played any role in Martz's efforts to obtain treatment in the past, and Martz's assertions that he may do so in the future are nothing more than speculation." (State's Br. 12). Because Martz has failed to meet his burden to establish that this factor was both significant and clearly supported by the record, the trial court did not abuse its discretion by failing to consider Martz's alleged family support as a mitigating factor.

## 2. Inappropriate Sentence

[11]     Martz further argues that his sentence is inappropriate. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad

other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[12] The Indiana Supreme Court has further explained that "[s]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Id.* "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[13] When determining whether a sentence is inappropriate, the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. Here, Martz was convicted of Level 6 felony possession of cocaine. The sentencing range for a Level 6 felony is between six months and two and one-half years, with an advisory sentence of one year. *See* I.C. § 35-50-2-7. The trial court sentenced Martz to two years, which is less than the maximum sentence and more than the advisory sentence.

[14] With regard to the nature of the offense, Martz possessed cocaine in his wallet. With regard to the nature of Martz's character, he has nine misdemeanor convictions and two felony convictions. In addition, he has a fifteen-year history of failed efforts at rehabilitation. He has been unsatisfactorily discharged from treatment centers and home detention. He has also had suspended sentences revoked seven times and probation revoked two times.

His former contacts with the law have not caused him to reform himself. *See Jenkins v. State*, 909 N.E.2d 1080, 1086 (Ind. Ct. App. 2009), *trans. denied*.

[15] Martz has failed to meet his burden to persuade this Court that his two-year sentence for his Level 6 Felony possession of cocaine conviction is inappropriate.

[16] Affirmed.

Vaidik, C.J., and Barnes, J., concur.