## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 08 2020, 12:42 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Brian Woodward
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kyjuan A. Phillips, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 8, 2020 <br><br> Court of Appeals Case No. 19A-CR-2737 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Diane Ross Boswell, Judge <br><br> Trial Court Cause No. 45G03-1904-F4-43 |

**Pyle, Judge.**

# Statement of the Case

Kyjuan Phillips ("Phillips") appeals the five-year sentence imposed after he pled guilty to Level 5 felony dealing in a narcotic drug.[1]  His sole argument is that the trial court abused its discretion in sentencing him.  Finding no abuse of the trial court's discretion, we affirm Phillips' sentence.

We affirm.

# Issue

> Whether the trial court abused its discretion in sentencing Phillips.

# Facts

In April 2019, the State charged thirty-six-year-old Phillips with ten counts resulting from his sale of heroin to a confidential informant during controlled drug buys on February 5, February 11, and March 8.  For the February 5 drug buy, the State charged Phillips with:  (1) Level 5 felony dealing in a narcotic drug; (2) Level 6 felony possession of a narcotic drug; and (3) Level 6 felony maintaining a common nuisance.  For the February 11 drug buy, the State charged Phillips with:  (4) Level 4 felony dealing in a narcotic drug; (5) Level 6 felony possession of a narcotic drug; and (6) Level 6 felony maintaining a common nuisance.  For the March 8 drug buy, the State charged Phillips with:  (7) Level 5 felony dealing in a narcotic drug; (8) Level 6 felony possession of a

---

[1] IND. CODE § 35-48-4-1.

narcotic drug; and (9) Level 6 felony maintaining a common nuisance. The State also charged Phillips with (10) Class C misdemeanor possession of paraphernalia after searching his home on March 11.

[4] In September 2019, Phillips pled guilty to Level 5 felony dealing a narcotic drug for delivering heroin to the confidential informant on February 5. Pursuant to the terms of a plea agreement, the State dismissed the remaining counts, which included a Level 4 felony, and sentencing was left to the trial court's discretion.

[5] The trial court held a sentencing hearing in December 2019. The State presented evidence that Phillips has an extensive criminal history that includes three felony convictions in Florida for burglary, larceny, and home invasion with a firearm or other deadly weapon. Phillips served time in both a Florida county jail and a Florida prison for these convictions. Phillips also has four felony convictions in Illinois, which include two convictions for possession of a controlled substance in 2006 and 2012 and two convictions for manufacturing/dealing in a controlled substance in 2006 and 2007. Phillips also has four misdemeanor convictions in Illinois, including two convictions for retail theft, one conviction for battery, and one conviction for resisting a peace officer. Phillips served time in both an Illinois county jail and an Illinois prison for these convictions. He also served time on probation. Phillips has one misdemeanor conviction in Indiana in 2019 for false informing.

[6] Phillips told the trial court that he had sold the heroin in this case "to support [his] habit." (Tr. Vol. 2 at 22). He further told the trial court that he was no

longer addicted to heroin because he had not used the drug during the six months that he had been incarcerated on these charges. When the trial court asked him if he had had any treatment for his substance abuse, Phillips responded that shortly before he had been arrested in this case, his doctor had prescribed Narcan and Suboxone. However, according to Phillips, the drugs had not helped. Phillips also explained that he had completed a Fresh Start Counseling Program while he was incarcerated on the current charges.

[7] The State asked the trial court to impose the maximum six-year sentence for a Level 5 felony because of Phillips' extensive criminal history. Phillips asked the trial court to "consider his time in jail and a probation sentence or perhaps a split sentence." (Tr. Vol. 2 at 18).

[8] At the end of the hearing, the trial court found two aggravating factors: (1) Phillips' prior criminal history; and (2) Phillips' need for correctional treatment because prior attempts at rehabilitation had not been a deterrent. The trial court found no mitigating factors and sentenced Phillips to five (5) years in the Department of Correction.

[9] Phillips appeals his sentence.

# Decision

[10] Phillips' sole argument is that the trial court abused its discretion in sentencing him. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion.

*Id*.  An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.  *Id*. at 491.  A trial court may abuse its discretion in a number of ways, including:  (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law.  *Id*. at 490-91.

[11]     Here, Phillips argues that the trial court abused its discretion because it failed to find his guilty plea to be a mitigating factor.[2]  A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance.  *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000).  A trial court has discretion to

---

[2] Phillips also argues that the trial court abused its discretion when it failed to find his history of substance abuse to be a mitigating factor.  Phillips has waived appellate review of this factor because he failed to advance it for consideration in the trial court.  *See Simms v. State*, 791 N.E.2d 225, 233 (Ind. Ct. App. 2003) (explaining that "[i]f the defendant fails to advance a mitigating circumstance at sentencing, this court will presume that the circumstance is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal.")  Waiver notwithstanding, we find no error.  Although we have recognized that a history of substance abuse may be a mitigating factor, *Field v. State*, 843 N.E.2d 1008, 1012 (Ind. Ct. App. 2006), *trans. denied*, we have also held that where a defendant is aware that he has a substance abuse problem but has not taken appropriate steps to treat it, the trial court does not abuse its discretion by rejecting substance abuse as a mitigating factor.  *Bryant v. State*, 802 N.E.2d 486, 501 (Ind. Ct. App. 2004), *trans. denied*.  Here, Phillips has an extensive criminal history related to his drug use.  He has known for some time that he has a substance abuse problem and has not taken appropriate steps to treat it.  Under these circumstances, the trial court did not abuse its discretion in failing to find Phillips' history of substance abuse to be a mitigating factor.

determine whether the factors are mitigating, and it is not required to explain why it does not find the defendant's proffered factors to be mitigating. *Haddock v. State*, 800 N.E.2d 242, 245 (Ind. Ct. App. 2003). A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493.

[12] A guilty plea is not necessarily a mitigating factor where the defendant receives a substantial benefit from the plea. *Barker v. State*, 994 N.E.2d 306, 312 (Ind. Ct. App. 2013), *trans. denied*. Here, in exchange for Phillips' guilty plea to one Level 5 felony, the State dismissed one misdemeanor and eight additional felony charges, including a Level 4 felony. Phillips received a substantial benefit from his plea, and the trial court did not abuse its discretion when it did into find his guilty plea to be a mitigating factor.[3]

[13] Affirmed.

Bradford, C.J., and Baker, J., concur.

---

[3] We further note that even if the trial court had abused its discretion by failing to find Phillips' guilty plea to be a mitigating factor, any error was harmless. When the trial court abuses its discretion in sentencing, we will remand if we cannot say with confidence that the trial court would have imposed the same sentence. *Webb v. State*, 941 N.E.2d 1082, 1090 (Ind. Ct. App. 2011), *trans. denied*. Here, the trial court found two aggravating circumstances, including Phillips' extensive criminal history that included prior felony convictions for the same offense to which he pled guilty in this case. Based on this criminal history, we conclude that the trial court would have imposed the same sentence even if it had found Phillips' guilty plea to be a mitigating factor.