

**FILED**

Mar 06 2015, 9:38 am

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Donald E.C. Leicht<br>Kokomo, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Graham T. Youngs<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Norris,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 6, 2015<br><br>Court of Appeals Case No.<br>34A04-1410-CR-499<br><br>Appeal from the Howard Superior Court<br><br>The Honorable William C. Menges, Judge<br><br>Case No. 34D01-1312-FA-975 |

**Vaidik, Chief Judge.**

# Case Summary

[1]     John Norris sold ten hydrocodone pills for $6 each to a confidential informant during a controlled buy.  Norris was charged with a Class A felony and pled guilty to Class B felony dealing in a controlled substance.  The trial court

sentenced him to twenty years, all executed. Norris now appeals his sentence, arguing that it is inappropriate.

[2] Although Norris has a criminal history and was on probation when he committed this offense, given the small amount of pills that were sold to a confidential informant during a controlled buy, we find that a twenty-year executed sentence is excessive. We therefore remand this case to the trial court with instructions to impose a sentence of twelve years, with eight years executed in the Indiana Department of Correction and four years suspended to supervised probation.

# Facts and Procedural History

[3] On October 3, 2013, Kokomo Police Department officers worked with a confidential informant ("CI") to set up a controlled buy. The CI contacted Norris through text messages and telephone calls and told him that he wanted to purchase "some tabs." Appellant's App. p. 15. Norris was on probation at the time. Norris told the CI that he could sell him ten pills for $6 each. Norris and the CI met at the Walgreens at the intersection of Washington Street and Sycamore Street, which was within 1000 feet of Foster Park.

[4] At the meeting place, the CI gave Norris $60, and Norris handed him ten hydrocodone pills. The controlled buy was videotaped.

[5] In December 2013 the State charged Norris with Count 1: Class A felony dealing in a controlled substance (within 1000 feet of a public park) for the

October 3rd controlled buy and Count 2: Class A felony dealing in a controlled substance (within 1000 feet of school property) for a controlled buy—also involving ten hydrocodone pills—that occurred the following day with the same CI.[1]

[6] Norris and the State entered into a plea agreement. Norris pled guilty to Count 1 as a Class B felony. In exchange, the State agreed to dismiss Count 2 as well as petitions to revoke Norris's probation that had been filed in two cause numbers. *Id.* at 25, 27. Norris's sentence was "left to the discretion of the Court after preparation of a Pre-Sentence Investigation report and argument from counsel." *Id.* at 25.

[7] In October 2014 the trial court held a combined guilty-plea and sentencing hearing. As for the factual basis of the crime, Norris stipulated to the probable-cause affidavit. Tr. p. 9-10. The judge accepted Norris's guilty plea and entered judgment of conviction for Class B felony dealing in a controlled substance. *Id.* at 11.

[8] As for sentencing, Norris explained that he had been treated for a variety of mental-health issues, including bi-polar disorder, PTSD, antisocial personality disorder, and schizophrenia. At the time of sentencing, Norris was taking two

---

[1] Under the amendments to our criminal code effective July 1, 2014, significant changes have been made to the prior enhancement of dealing within 1000 feet of a public park or school property. *See* Ind. Code § 35-48-1-16.5(3)(B); Ind. Code § 35-48-4-16 (as one example, the distance is now 500 feet).

medications through the jail, Zoloft and Effexor. Norris also had physical-health issues, including being treated for blood clots.

[9] The PSI shows that Norris has the following criminal history: one juvenile adjudication (1998); Class D felony conspiracy to commit theft (2001); three convictions for misdemeanor check deception (2004); misdemeanor possession of marijuana (2005); Class D felony possession of marijuana (2008); Class A misdemeanor battery resulting in bodily injury (2011); Class D felony possession of marijuana (2012); and Class D felony possession of marijuana (2014).

[10] The PSI also shows that Norris has had mixed results with probation. Norris successfully completed probation in his 2001 conspiracy-to-commit-theft and 2004 check-deception cases. He also successfully completed home detention in his 2005 possession-of-marijuana case. However, Norris violated probation in his 2008 possession-of-marijuana case and was on probation in his 2012 and 2014 possession-of-marijuana cases when he committed this offense.

[11] Here, the probation department recommended a sentence of twelve years with six years suspended to probation, including "participation in a Therap[e]utic Community Program." Appellant's App. p. 52. Defense counsel thought that the probation department's recommendation was "fair" and wanted Norris to "receive some [mental-health] treatment in the [DOC]" despite Norris's request that his sentence be served on home detention. Tr. p. 16. Defense counsel believed that "going to the [DOC], attending their therapeutic program,

receiving some mental[-]health treatment, not only in there but the drug treatment in there, and then following up once he's released with an extended period of probation" would be in his "best interest." *Id.* The State, while "not opposed to a recommendation of the therapeutic community," asked the trial court to "aggravate the sentence further past 12 years." *Id.* at 18.

[12] The trial court identified the following aggravators: (1) Norris's criminal history; (2) he was on probation in two different cause numbers when he committed this offense; and (3) he was unsuccessful on community supervision in the past. *Id.* The court identified Norris's "health" as a mitigating factor but found that it was not entitled to significant weight. *Id.* Concluding that the aggravators substantially outweighed the mitigator, the trial court sentenced Norris to twenty years executed in the DOC. When Norris committed this offense, a person who committed a Class B felony could "be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years." Ind. Code Ann. § 35-50-2-5 (West 2012).

[13] Norris now appeals his sentence.

# Discussion and Decision

[14] Norris contends that his twenty-year executed sentence is inappropriate.[2] "Appellate review of the merits of a sentence may be sought on the grounds outlined in Appellate Rule 7(B)." *Cardwell v. State*, 895 N.E.2d 1219, 1223 (Ind. 2008). Under Indiana Appellate Rule 7(B), a reviewing court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B).

[15] Appellate Rule 7(B) leaves much to the discretion of appellate courts, but it does not detract from the long-recognized principle that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Parks v. State*, 22 N.E.3d 552, 555 (Ind. 2014) (quotation omitted). In conducting review under this standard, our Supreme Court has acknowledged that "'reasonable minds may differ'" on the appropriateness of a sentence based on their "'sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case.'" *Id.* (quoting *Buchanan v. State*, 767 N.E.2d 967, 970 (Ind. 2002); *Cardwell*, 895 N.E.2d at 1224). In light of this understanding, we exercise our authority to revise Norris's sentence in this case.

[16] As for Norris's character, we acknowledge that he has a criminal history that includes four convictions for possession of marijuana and was on probation for

---

[2] Norris also contends that the trial court abused its discretion in sentencing him. But given our resolution of this case, we need not address that issue.

two of those convictions when he committed this offense. However, Norris has not spent a lot of time in the DOC. Many of his previous sentences were suspended to probation. He has successfully completed probation in some cases but not others.

[17] But what convinces us that Norris's sentence is inappropriate and excessive is the relatively innocuous nature of this offense. That is, Norris sold ten hydrocodone tablets for $60 to a confidential informant during a controlled buy that was closely monitored by the police. Given the small amount of drugs, we find that the maximum twenty-year executed sentence is inappropriate. We therefore remand this case to the trial court with instructions to impose a sentence of twelve years, with eight years executed in the DOC and four years suspended to supervised probation.

[18] Reversed and remanded.

Baker, J., and Riley, J., concur.