## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 15 2015, 10:05 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Chris Palmer Frazier
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Camryn S. Matthews,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 15, 2015

Court of Appeals Case No.
70A05-1501-CR-25

Appeal from the Rush Superior Court.
The Honorable Brian D. Hill, Judge.
Cause No. 70D01-1404-FA-147

**Barteau, Senior Judge**

## Statement of the Case

[1]  Camryn Matthews appeals his sentence of eight years for his conviction of possession of a controlled substance as a Class C felony. Ind. Code § 35-48-4-7 (2011). We affirm.

# Issue

[2] Matthews presents one issue for our review, which we restate as: whether Matthews' sentence is inappropriate.

# Facts and Procedural History

[3] On September 30, 2013, Matthews sold $30 of methamphetamine to a confidential informant who was working with a narcotics investigator for the Rushville Police Department. The sale occurred within 1,000 feet of a public park. On October 15, 2013, Matthews sold 4 pills of hydrocodone, a controlled substance, for $30 to a confidential informant within 1,000 feet of a family housing complex.

[4] Based upon these incidents, Matthews was charged with dealing in methamphetamine, as a Class A felony, Indiana Code section 35-48-4-1.1 (2006); possession of methamphetamine, as a Class B felony, Indiana Code section 35-48-4-6.1 (2006); dealing in a controlled substance, as a Class A felony, Indiana Code section 35-48-4-2 (2011); and possession of a controlled substance, as a Class C felony, Indiana Code section 35-48-4-7. Matthews was arrested on these charges, and he later posted bond and was accepted into the community corrections program. However, Matthews had a positive drug screen in community corrections. Due to this violation, Matthews' bond was revoked, and he was charged with additional offenses.

[5] Matthews pleaded guilty to possession of a controlled substance within 1,000 feet of a family housing complex, as a Class C felony. In exchange for

Matthews' plea, the State dismissed the remaining charges in the instant cause as well as the new charges relating to his positive drug screen in community corrections. The trial court sentenced Matthews to eight years executed. It is from this sentence that Matthews now appeals.

## Discussion and Decision

[6] Matthews' sole contention on appeal is that his eight-year sentence is inappropriate in light of the nature of the offense and the character of the offender. We may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). However, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). A defendant bears the burden of persuading the appellate court that his or her sentence has met the inappropriateness standard of review. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007).

[7] We begin by recognizing that the advisory sentence for a Class C felony at the time of the commission of Matthews' offense was four years, with two years being the minimum sentence and eight years being the maximum sentence. *See* Ind. Code § 35-50-2-6 (2005).

[8] Next we turn to the nature of the offense. Here, although Matthews was convicted only of possession of a controlled substance within 1,000 feet of a family housing complex as a Class C felony, the full facts of the case support charges of dealing in a controlled substance within 1,000 feet of a family housing complex as a Class A felony, and dealing and possessing methamphetamine within 1,000 feet of a public park as Class A and B felonies, respectively. In both instances, Matthews sold drugs near family-oriented areas for which our legislature has provided more protection from certain crimes like drug dealing.

[9] With regard to the character of the offender, we observe that Matthews has a criminal history dating back to 2003 when he was convicted of possession of methamphetamine as a Class D felony. He continued committing offenses, including felony counterfeiting in 2009, misdemeanor visiting a common nuisance in 2011, and felony theft in 2012. Thus, Matthews' criminal history consists of four convictions, three of which are felonies.

[10] Matthews admits he has a drug addiction and that this addiction is the underlying cause for his criminal activity. He seeks a shorter sentence so that he can obtain treatment for his addiction. However, he has shown little interest or effort in addressing his addiction. For example, he received treatment for twelve weeks in 2003 but, as evidenced by his criminal history and his admission to his ongoing addiction, he failed to take advantage of that opportunity to turn his life around. Even more telling, when the trial court gave him the opportunity to address his addiction and enter the community

corrections program in this very case, he again squandered the opportunity. He tested positive for amphetamines, methamphetamines, morphine, and benzodiazepines, causing his bond to be revoked, his removal from the program, and the filing of new charges. If Matthews truly wants to control his addiction, the Department of Correction offers substance abuse programs.

[11] Finally, Matthews likens his case to that of the defendant in *Norris v. State*, 27 N.E.3d 333 (Ind. Ct. App. 2015) and argues that he, too, should receive a reduced sentence. Norris sold a small number of hydrocodone pills to a confidential informant during a controlled buy. Norris pleaded guilty to a Class B felony and was sentenced to twenty years executed. On appeal, a panel of this Court determined that although Norris has a criminal history and was on probation when he committed the offense, given the small amount of pills that were sold to a confidential informant during a controlled buy, a sentence of twelve years with eight executed and four years of supervised probation was appropriate.

[12] Norris involved only one buy, and the probation department recommended a twelve-year sentence with six years suspended to probation, which Norris' counsel indicated was fair. Although Matthews' case is like the Norris case in that it involves a small amount of drugs, that is where the similarity ends. Matthews sold drugs on two occasions, both near family-oriented areas. The probation department gave no recommendation and deferred to the trial court. In addition, there was overwhelming evidence of Matthews' ongoing and

escalating drug addiction and failure to benefit from addiction programs offered to him.

In the instant case, it is clear that prior brushes with the law as well as attempts at substance abuse programs have proven ineffective to rehabilitate Matthews, and this offense is further evidence that a longer period of incarceration is appropriate. Matthews has not carried his burden of persuading this Court that his sentence has met the inappropriateness standard of review. *See Anglemyer*, 868 N.E.2d at 494.

# Conclusion

For the reasons stated, we conclude that Matthews' sentence is not inappropriate given the nature of the offense and the character of the offender.

Affirmed.

Robb, J., and Bradford, J., concur.