## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 30 2015, 6:27 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Chris Palmer
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tammie D. Wasson, | July 30, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 70A04-1504-CR-139 |
| v. | Appeal from the Rush Superior Court |
| State of Indiana, | The Honorable Brian D. Hill, Judge |
| *Appellee-Plaintiff.* | Cause No. 70D01-1407-FA-383 |

**Pyle, Judge.**

# Statement of the Case

Appellant/Defendant, Tammie D. Wasson ("Wasson"), appeals her sentence for her conviction of Class B felony dealing in a controlled substance.[1] She asks us to revise her sentence under Indiana Appellate Rule 7(B). However, we conclude that Wasson's sentence was not inappropriate in light of the nature of her offense and character.

We affirm.

# Issue

> Whether Wasson's sentence was inappropriate in light of the nature of her offense and her character.

# Facts

On September 30, 2013, Wasson was cleaning her friend Susie Scheidler's ("Scheidler") house, which she did twice a week, when her friend Erik Bussberg ("Bussberg") sent her a text message. He asked if she could get hydrocodone pills for him from Scheidler, who was at home at the time. Bussberg was a confidential informant working with the police. Wasson obtained ten pills directly from Scheidler, took them outside of Scheidler's house, sold them to Bussberg for $50.00, and gave the proceeds to Scheidler. Wasson did not keep

---

[1] IND. CODE § 35-48-4-2(a)(1)(C). This statute was amended effective July 1, 2014. However, since Wasson committed her offense in 2013, we will apply the version of the statute in effect at that time.

any of the money herself. Then, the "same thing" happened the next day. (Tr. 13).

[4] On July 7, 2014, the State charged Wasson with two counts of Class A felony dealing in a schedule I, II, or III controlled substance. A few months later, Wasson pled guilty, pursuant to a plea agreement, to a lesser-included charge of Class B felony dealing in a controlled substance. In exchange, the State agreed to dismiss the two Class A felony charges and to a sentencing cap of seven (7) years in the Department of Correction ("DOC"). Otherwise, the parties agreed to leave the length and terms of the sentence to the discretion of the trial court.

[5] On March 5, 2015, the trial court held a guilty plea hearing and accepted the terms of Wasson's plea agreement. At the hearing, Wasson acknowledged that she had a prior 2004 felony conviction for obtaining a controlled substance by fraud or deceit. The trial court found that Wasson's prior conviction was an aggravating factor and also noted that Wasson had continued to associate with a known drug dealer after her conviction. It said:

> Just along those lines, we can paint a picture of Mr. Bussberg, too, just based on my contacts with Mr. Bussberg on prior criminal cases. Everybody knows what Erik Bussberg does as far as controlled substances and drugs. And you have a prior conviction for that and then yet you continue to maintain a friendship with him and sell or deliver or whatever it is you do with pills on multiple occasions to him.

(Tr. 15-16). However, the court also found that the amount of time that had passed since the conviction was a mitigating factor. At the conclusion of the

hearing, the trial court sentenced Wasson to seven (7) years, with four (4) years to be executed at the DOC and three (3) years to be served in the Rush County Community Corrections Home Detention Program. Wasson now appeals.

## Decision

On appeal, Wasson asks us to revise her sentence under Indiana Appellate Rule 7(B) in light of the nature of her offense and her character. She argues that the sentence was inappropriate in light of the nature of her offense because she only "passed the pills along" and did not keep any of the money for herself. (Wasson's Br. 9). She also argues that she sold only $75 worth of hydrocodone and that her crimes were not violent in nature.[2] As for her character, Wasson notes that she had only one prior criminal conviction, which occurred years ago.

Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 493 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). However, pursuant to Appellate Rule 7(B), a reviewing court may revise a sentence if, "after due consideration of the trial court's decision," it finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Childress v. State*, 848 N.E.2d 1073, 1079-80 (Ind.

---

[2] At the hearing, Wasson testified that she sold the hydrocodone for $50 on September 30, 2013 and that "the same thing" happened the next day. (Tr. 13). However, in her brief she states that the total amount she received for the pills was $75. It is possible she only received $25 for the pills as a result of her second sale, but that evidence is not a part of the record and is not dispositive here.

2006) (quoting App. R. 7(B)). Although this Court is not required to use "great restraint," we nevertheless exercise deference to a trial court's sentencing decision, both because Appellate Rule 7(b) requires that we give "due consideration" to that decision and because we recognize the unique perspective a trial court has when making decisions. *Stewart v. State*, 866 N.E.2d 858, 865-66 (Ind. Ct. App. 2007). The "principal role of appellate review should be to attempt to leaven the outliers and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). In addition, the defendant bears the burden of persuading this Court that her sentence is inappropriate. *Childress*, 848 N.E.2d at 1080.

[8] Under INDIANA CODE § 35-50-2-5(a), the sentencing range for a Class B felony is between six (6) and twenty (20) years, with an advisory sentence of ten (10) years. As Wasson was sentenced to seven (7) years, her sentence was close to the minimum for a Class B felony.

[9] In support of her argument that the nature of her offense and her character justify a reduction in sentence, Wasson cites to our recent case, *Norris v. State*, 27 N.E.3d 333 (Ind. Ct. App. 2015). There, Norris pled guilty to Class B felony dealing in a controlled substance after he sold ten hydrocodone pills in exchange for $60. *Id.* at 334. At his sentencing hearing, the trial court sentenced him to twenty (20) years, the maximum for a Class B felony. *Id.* at 335. On appeal, this Court reduced Norris's sentence under Appellate Rule

7(B), noting that even though Norris had four prior convictions, the nature of his offense did not support the maximum sentence. *Id.* at 336. We remanded the case to the trial court with instructions for the trial court to impose a sentence of twelve (12) years, with eight (8) years executed in the DOC and four years suspended to probation. *Id.* Because the amount of pills exchanged in *Norris* is similar to the instant case, Wasson argues that we should also reduce her sentence.

[10] However, unlike in *Norris,* Wasson was not sentenced to the maximum possible number of years allowed for a Class B felony. *See id.* at 335. She was sentenced to only seven (7) years, a mere one (1) year above the minimum for her Class B felony, and only four (4) of those years are to be served in the DOC. This Court reduced Norris's sentence to twelve years, which is still a higher number of years than Wasson's sentence. Also, Appellate Rule 7(B) focuses "less on comparing the facts of this case to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant was sentenced, and what it reveals about the defendant's character." *Leffingwell v. State*, 810 N.E.2d 369, 372 (Ind. Ct. App. 2004).

[11] As a result, we find that, although as Wasson asserts, the nature of her offense was not heinous or violent, she still obtained and delivered hydrocodone pills in exchange for money. As for her character, she does have a prior conviction for a drug-related offense and, as the trial court noted, continued to associate with a known drug dealer after she was convicted. In light of these factors, and the fact that Wasson's sentence was already near the minimum sentence she could

receive for a Class B felony, we decline to revise her sentence based on the nature of her offense and her character.

Affirmed.

Vaidik, C.J., and Robb, J., concur.