## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 15 2016, 7:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bobbi Jo Carter,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 15, 2016<br><br>Court of Appeals Case No.<br>21A01-1601-CR-173<br><br>Appeal from the Fayette Circuit Court<br><br>The Honorable Beth A. Butsch<br><br>Trial Court Cause No.<br>21C01-1501-F4-90 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Bobbi Jo Carter sold about half a gram of heroin to an informant in the presence of her friend's four-year-old daughter. Carter pled guilty to Level 4 felony dealing in a narcotic drug and Class A misdemeanor taking a minor to a common nuisance. The trial court sentenced Carter to concurrent terms of eight and a half years for the Level 4 felony and one year for the Class A misdemeanor.

[2] Carter now appeals, arguing that her sentence is inappropriate. Finding that the sentence is not inappropriate in light of the nature of the offenses and her character, we affirm.

# Facts and Procedural History

[3] On the evening of January 28, 2015, Carter's friend drove Carter to a confidential informant's house in Connersville. The friend's four-year-old daughter was in the back seat of the car. When they arrived at the house, Carter sold about half a gram of heroin to the informant in the driveway. Carter returned to the car, and the friend drove away. The police, who had been monitoring the transaction, stopped them shortly thereafter.

[4] The State charged Carter with Count I, Level 4 felony dealing in a narcotic drug in the physical presence of a child less than eighteen years of age, and

Count II, Class A misdemeanor taking a minor to a common nuisance. Carter pled guilty to both charges without a plea agreement, with sentencing to be determined by the trial court.

[5] At the sentencing hearing, Carter testified about traumatic events that had occurred in her life, including witnessing her boyfriend's suicide and being raped by her step-father. Carter also testified that she had used alcohol and drugs since age fourteen, completed a recovery program while in jail for these crimes, and had checked herself out of a drug-treatment center one month before these crimes. Carter admitted buying about seven grams of heroin daily from Dayton, Ohio. She would then use five of these grams herself and sell the other two grams in her community. At the conclusion of the sentencing hearing, the trial court found two aggravating factors: (1) Carter distributed heroin into the community "every day," Tr. p. 95, and (2) Carter had a history of criminal or delinquent behavior, including two juvenile adjudications for escape, felony convictions for unlawful possession of precursors and receiving a stolen vehicle, and one misdemeanor conviction for driving while suspended. The court found no mitigating factors. The court sentenced Carter to eight and a half years for Count I and one year for Count II, to be served concurrently.

[6] Carter now appeals her sentence.

# Discussion and Decision

Carter contends that her aggregate sentence of eight and a half years is inappropriate in light of the nature of the offenses and her character. Indiana Appellate Rule 7(B) provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). Because we generally defer to the judgment of trial courts in sentencing matters, *Norris v. State*, 27 N.E.3d 333, 335-36 (Ind. Ct. App. 2015), defendants have the burden of persuading us that their sentences are inappropriate, *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014). "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id.* (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)).

On Count I, a Level 4 felony, Carter faced a sentencing range of two to twelve years, with an advisory sentence of six years. Ind. Code § 35-50-2-5.5. On Count II, a Class A misdemeanor, Carter faced a sentence of up to one year. Ind. Code § 35-50-3-2. The trial court imposed concurrent sentences of eight and a half years for Count I and one year for Count II.

Concerning the nature of the offenses, although Carter sold heroin to an informant during a supervised buy, the child who was present was much younger than eighteen years old. Furthermore, Carter's character convinces us that her sentence is not inappropriate. Carter has felony convictions for

unlawful possession of precursors and receiving a stolen vehicle, a misdemeanor conviction for driving while suspended, and two juvenile adjudications for escape. Although Carter completed a recovery program while in jail for the crimes in this case, she checked herself out of a drug-treatment center one month before these crimes. As the trial court noted, Carter, on a daily basis, brought about seven grams of heroin from Dayton, Ohio, and sold two of these grams into her local community. Despite her previous contacts with the criminal-justice system and opportunities for rehabilitation, Carter has not been deterred from criminal activities. Her character does not warrant a reduction in her sentence.

[10] After due consideration of the trial court's decision, we cannot say that Carter persuaded us that her aggregate sentence of eight and a half years is inappropriate in light of the nature of the offenses and her character.

[11] Affirmed.

Barnes, J., and Mathias, J., concur.