## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 22 2017, 6:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald J. Frew
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Kelly A. Loy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason J. Green, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | February 22, 2017 <br><br> Court of Appeals Case No. 02A03-1608-CR-2015 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. 02D05-1503-F5-94 |

**Vaidik, Chief Judge.**

# Case Summary

Jason Green appeals his five-year sentence for corrupt business influence, a Level 5 felony, and two counts of forgery, a Level 6 felony. He argues that his sentence is inappropriate in light of the nature of the offenses and his character. We affirm.

# Facts and Procedural History

While on probation for dealing in and possession of a schedule I, II, III, or IV controlled substance, Green and nine other individuals were involved in manufacturing counterfeit "Pull Tab" games,[1] which they presented at local bars and taverns for payment. The operation ran for approximately eight months. During this time, he defrauded at least twenty-five different bars or taverns across nine different Indiana counties and collected a total of $17,706. Green was arrested for his involvement in the counterfeiting operation and charged with corrupt business influence, a Level 5 felony, and two counts of forgery, a Level 6 felony. Green pled guilty to the charges. The court deferred his sentencing and placed Green in the Allen County drug-court program.

---

[1] "Pull Tab" games can only be purchased at bars or taverns where patrons under the age of twenty-one are prohibited from entering. Purchasers of "Pull Tabs" have the possibility of winning up to $599.00. "Pull Tabs" are issued by the Indiana Alcohol and Tobacco Commission. Ind. Alcohol & Tobacco Comm'n, Type II Gaming Rule (Apr. 6, 2010), http://www.in.gov/atc/2700.htm (last visited Jan. 31, 2017).

[3] Green was in the drug-court program for approximately one year. During that time, he violated the program's rules on three separate occasions, each time being sent to jail for his violation. The case manager for the drug court petitioned the court to terminate Green's participation in the drug-court program because of his continued inability to follow the program's rules. The court granted the petition and held a sentencing hearing on the corrupt business influence and forgery convictions.

[4] At the hearing, Green asked to be sentenced to a term of four years, with two years executed and two years suspended. He argued that he was remorseful for his crimes and that he had made progress through his therapy sessions. The State, however, requested that Green be sentenced to a term of five years, all executed in the Department of Correction, citing his criminal history and failed attempts at rehabilitation. In setting Green's sentence, the court found three mitigating circumstances: Green's plea of guilty; his conduct at the inception of the case; and the genuine remorse Green expressed during sentencing. The court also found multiple aggravating factors: Green's criminal record spanned twenty-six years, dating back to 1990, and included two juvenile adjudications, four misdemeanors, and four felonies; Green was on probation when he committed these offenses; and Green had failed multiple attempts at rehabilitation through services like juvenile probation, Boys School, Hope Probation Program, adult probation, and the drug-court program. Green was sentenced to concurrent terms of five years for corrupt business influence and

two years for each forgery conviction, all executed in the Department of Correction.

[5] Green appeals.

# Discussion and Decision

[6] Green contends that his five-year sentence is inappropriate and asks us to revise it pursuant to Appellate Rule 7(B), which provides, "The Court may revise a sentence authorized by statute, if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We give the trial court "considerable deference" in sentencing matters. *Norris v. State*, 27 N.E.3d 333, 335-36 (Ind. Ct. App. 2015). "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Schaaf v. State*, 54 N.E.3d 1041, 1045 (Ind. Ct. App. 2016). The defendant bears the burden of persuading us that his sentence is inappropriate. *Id.*

[7] Our starting point for determining if a sentence is appropriate is the statutory range set by the legislature for that class of offense. *Richardson v. State*, 906 N.E.2d 241, 247 (Ind. 2009). The statutory range for a Level 5 felony is one to six years, with an advisory sentence of three years, Ind. Code § 35-50-2-6(b), and the statutory range for a Level 6 felony is six months to two-and-a-half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7(b).

[8]     Green has not persuaded us that his sentence is inappropriate. His counterfeiting operation ran for approximately eight months, spanned at least nine counties, and defrauded at least twenty-five businesses for a total of over $17,000. His deception required extensive planning and coordination to deceive small businesses across Indiana. Furthermore, the trial court found multiple aggravating factors. Green has an extensive criminal history that dates back to 1990 and includes two juvenile adjudications, four misdemeanors, and four felonies. As a juvenile, he was given multiple opportunities to participate in rehabilitation services through juvenile probation and Boys School. Those opportunities continued as an adult through adult probation, Hope Probation Program, and the drug-court program. Despite his participation in these programs, Green has continued to break the law; he was on probation when he committed the current offenses. While Green did plead guilty and the trial court found him to be genuinely remorseful for his crimes, this is not enough to outweigh his past or the nature of the current crimes.

[9]     Affirmed.

Bradford, J., and Brown, J., concur.