

FILED

Mar 22 2017, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Corey A. McAlpin,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 22, 2017

Court of Appeals Case No.
39A01-1606-CR-1417

Appeal from the Jefferson Circuit Court

The Honorable Darrell M. Auxier, Judge

Trial Court Cause No.
39C01-1408-F4-707

**Vaidik, Chief Judge.**

# Case Summary

[1] The State charged Corey A. McAlpin with Level 4 felony dealing in methamphetamine (manufacturing), alleging that he was found to be manufacturing the drug around 10 a.m. on August 21, 2014. The State enhanced the offense from a Level 5 felony to a Level 4 felony because it claimed that McAlpin committed the offense in a drug-free zone, that is, in, on, or within 500 feet of Bicentennial Park in Madison, Indiana, "while a person under eighteen (18) years of age was reasonably expected to be present." Given that August 21 was a school day for public and private schools in the Madison area and the unique status of Bicentennial Park as having an outdoor amphitheater but no playground equipment, benches, or shade trees, we conclude that the State has failed to prove beyond a reasonable doubt that it was reasonably expected that children would be present at the park at the time of the offense. We therefore vacate McAlpin's conviction for Level 4 felony dealing in methamphetamine and remand with instructions for the trial court to enter judgment of conviction for Level 5 felony dealing in methamphetamine and to resentence him accordingly.

# Facts and Procedural History

[2] August 21, 2014, was a school day in Madison, Indiana.[1] Around 10:00 a.m. that day, police officers went to McAlpin's apartment on Second Street, which was within five hundred feet of Bicentennial Park, a public park. Bicentennial Park has no playground equipment, benches, or shade trees;[2] instead, it has an outdoor amphitheater, bathrooms, and green space:



---

[1] The parties stipulated that "all of the local area schools, public and private, were in session" that day. Appellant's App. Vol. II p. 209; Tr. Vol. III p. 79.

[2] Defense counsel said during her opening statement that there was "one tree in the whole park." Tr. Vol II p. 39. The City Utility Manager for the City of Madison testified that he did not know for sure whether there were any trees in the park, but he thought that there might be one. *Id.* at 201, 202. The State does not contest McAlpin's claim that the park does not have any shade trees.

Ex. D. In addition, there was no performance at the amphitheater on August 21. While the officers were at McAlpin's apartment they smelled an odor consistent with the manufacture of methamphetamine. Officers searched McAlpin's apartment and found all the ingredients necessary to manufacture methamphetamine, including "two active HCL generators," which are "two of the final steps . . . of the manufacturing process." Tr. Vol. III p. 52. Although there was no finished product, they found methamphetamine residue on a glass pipe and scales. McAlpin was arrested and charged with Level 4 felony dealing in methamphetamine (manufacturing), which was enhanced from a Level 5 felony because the manufacturing occurred "within five hundred (500) feet of a public park, that is: Bicentennial Park, while a person under eighteen (18) years of age was reasonably expected to be present."[3] Appellant's App. Vol. II p. 169 (capitalization omitted).

[3] During closing argument, defense counsel did not contest the fact that McAlpin's apartment was within 500 feet of Bicentennial Park. Rather, defense counsel argued that it was not reasonable to expect that children would be present at Bicentennial Park at 10 a.m. on August 21 because not only was it a school day but there were also "no playground equipment," "no benches," and "no shade trees" there; accordingly, although it was possible for children to be there, it was not reasonably expected. Tr. Vol. III pp. 108-09. The prosecutor

---

[3] McAlpin was also charged with and found guilty of Level 5 felony possession of precursors and Level 5 felony possession of methamphetamine, but the trial court found that these convictions merged with the dealing conviction.

responded that it was reasonable to expect that preschool-aged children would be present at Bicentennial Park at 10 a.m. because, for example, a stay-at-home parent could take a "challenging" three-year-old child there to "run wild and get that energy out." *Id.* at 113-14.

[4] The jury found McAlpin guilty of the Level 4 felony, and the trial court sentenced him to ten years.

[5] McAlpin now appeals.

# Discussion and Decision

[6] McAlpin argues that the evidence is insufficient to support his conviction for Level 4 felony dealing in methamphetamine because it was not reasonably expected that a person under eighteen years of age would be present at Bicentennial Park—which has an outdoor amphitheater but no playground equipment, benches, or shade trees—at 10 a.m. on a school day. Accordingly, he asks us to reduce his conviction to a Level 5 felony.

[7] In order to convict McAlpin of Level 4 felony dealing in methamphetamine as charged here, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally manufactured methamphetamine, pure or adulterated, and that an enhancing circumstance applied. Ind. Code Ann. § 35-48-4-1.1 (West Supp. 2016); Appellant's App. Vol. II p. 169. The enhancing circumstance that the State alleged was that McAlpin committed the offense in a drug-free zone, that is, in, on, or within 500 feet of a public park "while a

person under eighteen (18) years of age was reasonably expected to be present." Ind. Code Ann. § 35-48-1-16.5(3)(B)(ii) (West Supp. 2016); Appellant's App. Vol. II p. 169. The purpose of a drug-free zone is to protect children from drugs; however, offenders must know where the zones are so that they can make a rational choice to avoid them due to the increased penalties. *See Whatley v. Zatecky*, 833 F.3d 762, 783-84 (7th Cir. 2016) (addressing Indiana law).

[8] The statute enhancing dealing in methamphetamine from a Level 5 felony to a Level 4 felony became effective July 1, 2014. *See* P.L. 158-2013, § 619. This amendment made significant changes to the prior enhancement. *See Norris v. State*, 27 N.E.3d 333, 334 n.1 (Ind. Ct. App. 2015); *see also Whatley*, 833 F.3d at 784 n.17 ("The current version of the drug-free zone statute applies only to drug offenses committed on a school bus, or within five hundred feet of school property or a public park while a person under eighteen years of age was reasonably expected to be present."). Under the prior statutory scheme, if a person manufactured methamphetamine "in, on, or within one thousand (1,000) feet of" "school property" or "a public park," the offense was elevated from a Class B felony to a Class A felony. Ind. Code Ann. § 35-48-4-1.1 (West 2012). Not only does the amendment decrease the distance from 1000 to 500 feet, but the amendment also requires that the defendant commit the offense in, on, or within 500 feet of school property or a public park **while a person under**

**eighteen years of age is reasonably expected to be present**.[4]  Thus, the legislature's purpose in amending the statute was to limit the applicability of the enhancement.

[9]     McAlpin argues that the State failed to prove beyond a reasonable doubt that he committed the offense within 500 feet of Bicentennial Park while a person under eighteen years of age was reasonably expected to be present.  McAlpin points out that not only was August 21 a school day, but Bicentennial Park is not a park in the traditional sense; that is, it has an outdoor amphitheater but no playground equipment, benches, or shade trees.  Contrary to the dissent's implication, McAlpin correctly notes that the State presented no evidence that it is common to see children at that park during school hours, even on nice-weather days.  The State claims, however, that McAlpin's argument fails to give "appropriate consideration" to the fact that preschool-aged children or home-schooled children could be at Bicentennial Park for a walk in a stroller or to run around in the open space before it became too hot on that nice summer day.  Appellee's Br. p. 8.  The State's argument, in essence, is that there is only a nighttime exception to the drug-free zones because it is always reasonable to expect that children will be present at a park during the day.  But if the legislature intended to create a nighttime exception to the drug-free zones, it could have easily done so.  It did not.  Instead, it added a "reasonably expected to be present" requirement to the statute, which was intended to limit the

---

[4] The legislature also removed youth-program centers and family-housing complexes as enhancements.

applicability of the enhancement. Accordingly, given that August 21 was a school day for public and private schools in the Madison area and the unique status of Bicentennial Park as having an outdoor amphitheater but no playground equipment, benches, or shade trees, we conclude that the State has failed to prove beyond a reasonable doubt that children were reasonably expected to be present at Bicentennial Park at 10 a.m. that day. We therefore vacate McAlpin's conviction for Level 4 felony dealing in methamphetamine and remand with instructions for the trial court to enter judgment of conviction for Level 5 felony dealing in methamphetamine and to resentence him accordingly.

[10] Reversed and remanded.

Brown, J., concurs.

Bradford, J., dissents with separate opinion.

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Corey A. McAlpin, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | March 22, 2017 <br><br> Court of Appeals Case No. <br> 39A01-1606-CR-1417 <br><br> Appeal from the Jefferson Circuit Court <br><br> The Honorable Darrell M. Auxier, Judge <br><br> Trial Court Cause No. <br> 39C01-1408-F4-707 |

**Bradford, Judge, dissenting.**

Because I disagree with the majority's conclusion that the State failed to prove beyond a reasonable doubt that children were reasonably expected to be present at Bicentennial Park at 10 a.m. that day, I respectfully dissent. In reviewing a sufficiency claim, we do not reweigh the evidence. *See McHenry v. State*, 820

N.E.2d 124, 126 (Ind. 2005). We will only "examine the probative evidence and reasonable inferences that support the verdict." *Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012). We will "affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* "This evidence need not overcome every reasonable hypothesis of innocence; it is sufficient so long as an inference may reasonably be drawn from it to support the verdict." *Id.*

[12] McAlpin was convicted of Level 4 felony dealing in methamphetamine. The State was required to prove that McAlpin knowingly or intentionally manufactured methamphetamine, pure or adulterated, and that an enhancing circumstance applied. The enhancing circumstance alleged by the State was that the offense had been committed within 500 feet of a public park while a person under the age of eighteen was reasonably likely to be present. *See* Ind. Code § 35-48-1-16.5(3)(B)(ii). A "[p]ublic park means any property operated by a political subdivision for park purposes."[5] App. Vol. II p. 236.

[13] The public park in question, Bicentennial Park, is surrounded by residential neighborhoods, has "bathhouses," an outdoor amphitheater for "recreational

---

[5] Under Indiana Code section 36-10-1-2 "Park purposes" includes the following:

> the establishment, equipment, and operation of parks, boulevards, pleasure drives, parkways, wheelways, park boulevards, bridlepaths, playgrounds, playfields, bathhouses, comfort stations, swimming pools, community centers, recreation centers, other recreational facilities, and recreational programs.

programs," "playfields" and green space. Ind. Code § 36-10-1-2. Due to its location, the State argued that Bicentennial Park would be a wonderful place for home-schooled children to run around or for stay-at-home parents to take their young children for a walk. Its central location and wide-open green space also makes Bicentennial Park a great place for children to run around with their dogs, play Frisbee, and enjoy the sunshine. The term public park includes many different types of parks, many of which do not contain playground equipment. While the offense in question did take place on a school day, it was also a warm, sunny, summer day and the State provided many valid reasons why it was reasonably probable that children under the age of eighteen were present in the park at that time. Moreover, the jury was in a better position, after having heard and seen the evidence, to judge whether it is common to see children under the age of eighteen in Bicentennial Park on any given day. I believe there was sufficient evidence for the jury to reasonably infer that McAlpin was manufacturing methamphetamine within 500 feet of a park where children under the age of eighteen were likely to be present; I would, therefore, affirm the conviction. For this reason, I respectfully dissent.