## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 29 2017, 11:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, IN

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, IN

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles A. Allman, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | September 29, 2017 <br><br> Court of Appeals Case No. <br> 36A01-1704-CR-883 <br><br> Appeal from the Jackson Circuit Court <br><br> The Honorable Richard W. Poynter, Judge <br><br> Trial Court Cause No. <br> 36C01-1603-FA-1 |

**Vaidik, Chief Judge.**

# Case Summary

[1]    Charles A. Allman molested his stepdaughter for nearly a decade and was charged with seventeen felonies. He pled guilty to one of the charges, Class A felony child molesting, and was sentenced to forty-five years. He now appeals, arguing that his "nearly maximum sentence" is inappropriate. Because Allman has failed to persuade us that his sentence is inappropriate, we affirm.

# Facts and Procedural History

[2]    In October 2015, twenty-one-year-old D.G. reported to DCS that her stepfather, Allman, had molested her starting in 1999 when she was five years old and continuing until 2008 when she was fourteen years old. The molestations, which occurred while D.G.'s mother was not home, started with French kissing and fondling while Allman and D.G. played a game called "tent;" progressed to fellatio on Allman and digital penetration of D.G.'s vagina; advanced to attempted vaginal and anal intercourse when D.G. was about nine or ten years old; and culminated with sexual intercourse in 2008 when D.G. was fourteen years old. In addition, Allman took photographs and videos of D.G. in various sexual positions during this period.

[3]    Allman was arrested in March 2016. When police took him into custody, he confessed to molesting D.G. The State ultimately charged Allman with seventeen felonies, including child molesting and attempted child molesting, vicarious sexual gratification, sexual misconduct with a minor, and child

solicitation. The charged conduct covers nine years (1999 to 2008) and contains the following breakdown of felonies: ten Class A felonies, two Class B felonies, three Class C felonies, and two Class D felonies.

[4] In February 2017, Allman and the State entered into a plea agreement in which Allman agreed to plead guilty to one of the counts: Count 1, Class A felony child molesting (fellatio), which alleges that the act occurred between January 1, 1999, and June 30, 2001. In exchange, the State agreed to dismiss the remaining sixteen counts. According to the plea agreement, the trial court had the "sole discretion" to determine Allman's sentence. Appellant's App. Vol. II p. 59.

[5] At the March 2017 sentencing hearing, Allman, who was fifty-two years old, testified that he was "sorry for anything [he's] done to hurt [D.G.]" and that he was "sorry it ever happened." Sent. Tr. p. 12. D.G., who was married and had a child, testified that she had intended not to tell anyone about the molestations because Allman had convinced her that "everyone would be mad at [her] if [she] told anyone." Id. at 20. She said that she had been "desperate" to tell someone but was "so scared" of her family "hat[ing]" her because of "how [it] would change all of [their] lives." Id. D.G. also testified that over the years, Allman had threatened her with weapons, physical violence, and criminal prosecution for prostitution. She said that the day before her wedding, Allman had asked her to have sexual intercourse "one more time." Id. at 26. When she said no, Allman said that he was just testing her and that she had his blessing to get married. D.G. testified that she decided to come forward in October 2015

when her fourteen-year-old half-sister (Allman's biological daughter) alleged that Allman had "grabb[ed] and smack[ed] [her] butt" and was coming into the bathroom while she showered. *Id.* at 21. D.G. explained that she did not want her half-sister to go through what she did.

[6] The trial court identified the following aggravators: (1) D.G. was between five and seven years old when the conduct underlying Count 1 happened; (2) Allman was D.G.'s stepfather and abused his position of trust; (3) Allman is likely to reoffend; (4) the nature and circumstances of the crime in that the molestations occurred over a long period of time and Allman scared D.G. into hiding the abuse. The court identified one mitigator: Allman pled guilty. The court found that the aggravators "grossly outweigh[ed]" Allman's guilty plea to Count 1. *Id.* at 41. The court sentenced Allman to forty-five years in the Department of Correction.

[7] Allman now appeals his sentence.

# Discussion and Decision

[8] Allman contends that his "nearly maximum sentence" of forty-five years is inappropriate. Appellant's Br. p. 9. Allman asks us to reduce it pursuant to Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Because we generally

defer to the judgment of trial courts in sentencing matters, *Norris v. State,* 27 N.E.3d 333, 335-36 (Ind. Ct. App. 2015), defendants have the burden of persuading us that their sentences are inappropriate, *Thompson v. State,* 5 N.E.3d 383, 391 (Ind. Ct. App. 2014). "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id.* (citing *Cardwell v. State,* 895 N.E.2d 1219, 1224 (Ind. 2008)).

[9] Here, Allman faced a sentencing range of twenty to fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4(a). The trial court sentenced him to forty-five years.[1]

[10] Allman makes no argument that the nature of his offense warrants a reduction in his sentence. Instead, Allman focuses entirely on his character. Allman notes that he had no criminal record before his arrest in this case, has no history of substance abuse, has a GED, and was employed as a sales associate at Walmart for eleven years at the time of his arrest. While all these things may be true, the heinous nature of Allman's offense more than justifies his forty-five-year sentence in this case. Allman molested his stepdaughter for nearly a decade, starting when she was five years old, threatened her with weapons if she told anyone, took pictures and videos of her in sexual positions, and

---

[1] Although Allman pled guilty to only one count covering 1999 to 2001, he admits on appeal that his "inappropriate conduct" continued well past 2001. *See* Appellant's Br. p. 7. Pursuant to Allman's guilty plea, the maximum sentence he faced was fifty years. As the State notes, he faced hundreds of years had he been convicted of all charges. *See* Appellee's Br. p. 13.

continued his inappropriate behavior on the eve of her wedding. Although Allman admitted to police that he had molested D.G. and pled guilty to one of the counts, sixteen felonies were dismissed. Allman has failed to persuade us that his less-than-maximum sentence for one count of Class A felony child molesting is inappropriate.

Affirmed.

Mathias, J., and Crone, J., concur.